IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENNIE DAVID GUY | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1234 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Bennie David Guy, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Guy pleaded guilty to the sexual assault of a person identified as L.T. in the 124th Judicial District Court of Gregg County, Texas, on July 18, 1996, receiving a sentence of 40 years in prison. His conviction and sentence were affirmed on direct appeal and Guy has filed several state habeas corpus petitions, of which the first was denied without written order on the findings of the trial court without a hearing and the second, third, and fourth were dismissed as successive.

Guy has also filed three federal habeas corpus petitions, of which one was dismissed in part as unexhausted and in part as barred by limitations, another was dismissed in its entirety for failure to exhaust state remedies, and the third was dismissed as a successive petition. *See* civil action no.'s 6:09cv286, 6:13cv224, and 6:14cv45, all filed in the Eastern District of Texas.

## II. The Motion for Leave to File a Successive Petition

On March 7, 2016, Guy filed a motion in the Fifth Circuit for leave to file a successive petition. This motion claimed that the State withheld evidence in the form of two DNA tests, from the FBI and the Texas Department of Public Safety, which cleared him of the offenses. Guy also claimed he had newly discovered evidence because the records of his conviction were recently reformed, subjecting him to double jeopardy. In the proposed habeas petition which Guy submitted to the Fifth Circuit along with his motion for leave to file, Guy contended that he was subjected to double jeopardy because that his conviction was modified *nunc pro tunc* from a first-degree offense to a second-degree offense, meaning that he is now in prison for an conviction for which he did not have counsel, a trial, or an opportunity to plead even though the length of his sentence was not changed.

Guy submitted a number of exhibits to the Fifth Circuit Court of Appeals, of which three are particularly relevant. The first of these was a letter from Manuel Valadez, a lab supervisor with the Texas Department of Public Safety in Garland, addressed to investigator Cecil Shelton of the Gregg County Sheriff's Office. This letter concerned lab results for testing done as a result of the sexual assault of L.T. Valadez's letter stated that L.T.'s blood was typed as Group O and a secretor by Lewis typing. A non-specific presumptive test for the presence of semen was negative on the vaginal and oral swabs, and no spermatozoa were detected on the vaginal smear or the unlabeled smear slides. There were no hairs found in the head and public combings and no relevant trace evidence in the victim's fingernail clippings. The saliva specimen was not analyzed.

The second relevant exhibit which Guy furnished to the Fifth Circuit was a purported letter from the FBI addressed to a person named Lorna Beasley, a criminalist with the Texas Department of Public Safety in Garland, Texas. This letter appeared to recount lab results from the FBI lab. It bore the case number of 95A-HQ-2952842 and the lab number of 51019017 S VQ, and claimed that DNA testing excluded Guy from the DNA profiles provided by L.T.

The third relevant exhibit furnished by Guy is a purported letter from the FBI to Valadez. The letter is not signed but bears the same date and gives the same case number and lab numbers as the letter to Beasley. This letter also excludes Guy from the sexual assault of L.T.

The Fifth Circuit ordered the U.S. Attorney for the Eastern District of Texas to respond to Guy's "newly discovered evidence." The Government filed a response stating that the purported FBI documents furnished by Guy could not be confirmed as authentic. The Government attached an affidavit from Kristi Phelan, Request Coordinator and Cold Case Program Manager in the DNA Casework Unit for the FBI Laboratory Division. Phelan stated that the case number which appeared on the documents did not exist in the FBI's computer databanks, the lab report number concerned another individual entirely, and the documents contained internal errors such as several grammatical errors and format discrepancies. Phelan concluded by stating that "the information in the documents cannot be correlated to any known record at the FBI Laboratory Division."

After Guy filed a reply to the Government's response, the Fifth Circuit granted Guy tentative authorization to file a successive habeas petition. This tentative authorization directed that the District Court enter findings as to the evidence provided by Guy and the Government and instructed the District Court to dismiss Guy's habeas petition without reaching the merits if the court determines that Guy failed to make the required showings under 28 U.S.C. §2244(b).[1]

---

[1] 28 U.S.C. §2244(b)(2) reads as follows:

A claim presented in a second or successive habeas corpus application under §2254 that was not presented in a prior application shall be dismissed unless-

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**III. Guy's Habeas Petition in the District Court and the Response**

After Guy received the tentative authorization to file a successive petition, he filed his §2254 habeas corpus petition in the district court on July 15, 2016. This petition contended that: (1) Guy had newly discovered evidence of innocence which the State had withheld, including the purported DNA testing as well as motel receipts allegedly showing that he was 500 miles away from Texas on the date that L.T. was assaulted; (2) an Arkansas prisoner named Billy Stewart had confessed in May of 2013 that he, not Guy, had sexually assaulted L.T.; (3) the State of Texas was destroying evidence such as the boots found at the crime scene, a shirt with DNA on it, and a comb with hair roots on it; and, (4) he received ineffective assistance of counsel. Guy added his claim of double jeopardy in an amended petition, again asserting that the state court had issued a *nunc pro tunc* order reducing the level of his conviction from a first-degree felony to a second-degree felony, but he had not been appointed counsel or had a new trial on the second-degree felony charge.

The Respondent filed an answer arguing that Guy's purported FBI letters were not authentic and thus were not evidence, newly discovered or otherwise. The Respondent also asserted that after Guy received permission to file a successive petition, the petition which he filed in district court was significantly different from the petition he had submitted to the Fifth Circuit. Thus, the Respondent argued that Guy never received permission to file the petition which he actually filed in the district court, and that the district court therefore lacked jurisdiction to consider it.

Guy filed a reply to the answer contending that the Respondent had not addressed the merits of his claims, no one has proven the evidence he submitted was false, Phelan's affidavit was wrong, and the undisputed facts in his petition have not been rebutted.

**IV. The Report of the Magistrate Judge**

In considering the pleadings and the evidence furnished by Guy and the Government, the Magistrate Judge stated that under the Fifth Circuit's order and the standards set out in 28 U.S.C. §2244, the district court is required to determine whether the facts presented by Guy, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Magistrate Judge observed that in March of 2017, Guy was indicted for tampering with documents or proceedings, in violation of 18 U.S.C. §1512(c), by filing a document falsely purporting to be a DNA report prepared by the FBI laboratory. He pleaded guilty to Count Two of the indictment, which alleged as follows:

> On or about July 15, 2016, in the Eastern District of Texas and elsewhere, the defendant Bennie David Guy did attempt to corruptly obstruct, influence, and impede an official proceeding, that is, a case pending in the United States District Court for the Eastern District of Texas, by filing with the District Court a document falsely purporting to be a DNA report prepared by the FBI laboratory.

The factual basis of the plea, to which Guy and the Government agreed, stated that the FBI report filed by Guy was "false in its entirety, as there had been no testing of bodily fluids by the FBI in the Gregg County case. Guy knew that the report was false when he filed it with the United States District Court, Eastern District of Texas." The Magistrate Judge concluded that "Guy's plea of guilty demonstrates beyond doubt that the report is a fabrication and thus does not meet the standards for a successive petition set out in 28 U.S.C. §2244."

The Magistrate Judge also undertook an independent review of the authenticity of the purported FBI lab report. After considering Guy's supporting assertions as well as Phelan's affidavit, an affidavit from the manager of the Texas Department of Public safety laboratory in Garland, and internal evidence contained within the purported report itself, the Magistrate Judge concluded that the report was a fabrication.

By contrast, the letter from Manuel Valadez to Cecil Shelton, which recounted an analysis done by the Texas Department of Public Safety crime lab, was a genuine piece of evidence and is found in Guy's state habeas records. However, the Magistrate Judge determined that this letter offered no basis for habeas corpus relief because even if the letter was newly discovered evidence, the Department of Public Safety lab report was not exculpatory. Thus, Guy could not establish by

clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense in light of this letter.

The Magistrate Judge also reviewed and rejected Guy's other claims, including his allegations that he was subjected to double jeopardy through the *nunc pro tunc* order reducing his sentence, a purported motel receipt was evidence of innocence showing that he was 500 miles of Texas when the sexual assault on L.T. occurred, Billy Stewart confessed that he rather than Guy had committed the offense, the State of Texas was in the process of destroying evidence, and Guy received ineffective assistance of counsel. The Magistrate Judge thus concluded that none of Guy's claims met the standards of 28 U.S.C. §2244 and recommended that the petition be dismissed.

**V. Guy's Objections to the Report**

In his objections, Guy states that "nowhere has the Court found where Guy fabricated the FBI lab test." He similarly asserts that the Magistrate Judge did not conclude that he, Guy, had forged the FBI lab report, nor that "it was positively identified as being a forged document." While the question of who fabricated the lab report was not before the Court, and Magistrate Judge did not determine whether Guy or someone else actually fabricated the document, the Magistrate Judge clearly found that the FBI lab test was fabricated. Whether Guy created the falsified document himself or someone else did so on his behalf, the falsified lab report was not evidence and therefore cannot meet the standards of §2244. This objection is without merit.

Guy next asserts that he pleaded guilty to Count Two of the indictment, charging him with tampering with an official proceeding, but that Count One of the indictment, charging hin with forgery, was dismissed. This is inaccurate. Count One of the indictment charged him with filing a falsified document in the Fifth Circuit Court of Appeals, while Count Two charged him with filing a falsified document in the district court. Guy's guilty plea and the factual basis to which he agreed show that the FBI lab report was fabricated and that Guy knew it was fabricated at the time that he filed it. This objection is without merit.

With regard to the double jeopardy claim, Guy asserts that he did raise this claim before the Fifth Circuit and complains that he could not have raised it in his first state habeas application because the claim had not yet accrued when he filed that application. It is not disputed that Guy presented his double jeopardy claim to the Fifth Circuit. Guy's attempt to present this claim to the Texas Court of Criminal Appeals was dismissed as successive, and the Magistrate Judge correctly concluded that this rendered the claim unexhausted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 119 (1998). Furthermore, the Magistrate Judge properly determined that Guy's allegations did not amount to a double jeopardy violation and did not meet the standards for a successive petition under 28 U.S.C. §2244. This objection is without merit.

Guy asserts that the letter from Manuel Valdez to Cecil Shelton, concerning the Texas Department of Public Safety lab report, has never been part of the record before it was included in his state habeas application in 2013, rendering his *Brady* claim meritorious.[2] As the Magistrate Judge determined, this lab report was not exculpatory and thus falls outside of *Brady*. Guy failed to offer clear and convincing evidence demonstrating that but for a constitutional violation, no rational factfinder could have found him guilty in light of the Department of Public Safety lab analysis. The Magistrate Judge properly determined that Guy failed to meet the standards of 28 U.S.C. §2244. His objection on this point is without merit.

After stated that he objects to "each denial in the R&R," Guy stated that he "denied the use of a magistrate judge with his original writ." The case is and has been assigned to a District Judge and referred to the Magistrate Judge for preliminary matters in accordance with 28 U.S.C. §636(b). No consent is required for such a referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). This objection is without merit.

---

[2]Suppression by the State of evidence favorable to the accused, where the accused has requested this evidence, violates due process where the evidence is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, where the evidence is not exculpatory, no Brady violation occurs from non-disclosure. *Spence v. Johnson*, 80 F.3d 989, 1006 (5th Cir. 1996).

Guy then lists seven points, including (1) he did not forge the FBI report and did not plead guilty to forgery, (2) the FBI report has not been proven by the FBI to be a forgery, (3) FBI personnel have stated that cases from 1995 and older cannot be found, (4) Guy's double jeopardy claim is that his right not to be punished twice for the same crime is being violated, (5) the Department of Public safety lab report was mailed to Cecil Shelton in August of 1995 and the state court writ in 2013 refers to this, (6) Billy Stewart's affidavit has never been proven false, and (7) the two motel receipts, including one allegedly placing him 500 miles away, were found in the state court records along with an affidavit from an Arkansas law enforcement official named Captain Glenn Ramsey.[3]

None of Guy's listed points present any valid objections to the Magistrate Judge's Report. Whether Guy or someone else fabricated the purported FBI lab report is irrelevant to the fact that as a fabrication, the document is not evidence and cannot provide a basis for relief. Guy acknowledged that the document was a fabrication in his plea of guilty, and whether or not FBI cases from 1995 can be located is irrelevant because there was no FBI case involving the sexual assault on L.T. Guy has not shown that he is being punished twice for the same offense and his double jeopardy claim does not meet the standards of §2244(b). The Texas Department of Public Safety crime lab report was not exculpatory and does not amount to newly discovered evidence in light of which no reasonable factfinder could have found Guy guilty beyond a reasonable doubt. The state habeas court found as a fact that Billy Stewart's affidavit was not credible, and Guy has not overcome this finding by clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1); Rice v. Collins, 546 U.S. 333, 338-39, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006) (state court's factual findings are presumed correct unless overcome by clear and convincing evidence). Captain Ramsey's

---

[3] Guy's state habeas records show that he was convicted of a sexual assault in Crittenden County, Arkansas, which supposedly happened at a motel. He was later cleared by DNA testing. Guy attaches two purported motel receipts to his petition, one of which allegedly shows that he was in Arkansas on the night L.T. was assaulted in Gregg County. The state records contain the probable cause affidavit from Captain Ramsey, but not the purported motel receipts, and there is no showing that these motel receipts are authentic.

affidavit appears in the state habeas records but the motel receipts do not, and the Magistrate Judge correctly determined that Guy thus failed to exhaust his state remedies on his claim concerning the motel receipts. In any event, Guy's claim concerning the motel receipts does not appear in Guy's motion for leave to file a successive petition, nor in the proposed habeas petition which Guy filed in the Fifth Circuit. The Magistrate Judge correctly determined that Guy neither sought nor received permission to raise this claim in a successive petition and the district court therefore lacked jurisdiction to consider it. *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). Guy's objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 44) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Respondent's motion to dismiss (docket no. 29) is **GRANTED** and the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** to its refiling without obtaining permission from the Fifth Circuit Court of Appeals to file a successive petition, but without prejudice to Guy's right to seek and obtain permission to file a successive petition. It is further

**ORDERED** that the Petitioner Bennie David Guy is **WARNED** that further attempts to file fabricated documents in this Court will be met with the imposition of stringent sanctions, monetary or otherwise. It is further

**ORDERED** that the Petitioner Bennie David Guy is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **23** day of **August, 2017.**

_____
Ron Clark, United States District Judge